| | |
|---|---|
| David R. Seligman, P.C. | Christopher M. Hayes (*pro hac vice* pending) |
| Susan D. Golden | Alexander D. McCammon (*pro hac vice* pending) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:    (212) 446-4800 | Telephone:    (312) 862-2000 |
| Facsimile:    (212) 446-4900 | Facsimile:    (312) 862-2200 |

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| EUROPCAR MOBILITY GROUP S.A.,[1] | ) | Case No. 20-12878 (___) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |

**DEBTOR'S MOTION FOR ENTRY
OF AN ORDER (I) SCHEDULING RECOGNITION
HEARING AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Luc Péligry (the "Foreign Representative"), in his capacity as the authorized representative of the above-captioned debtor (the "Debtor") regarding the Debtor's foreign restructuring proceedings (the "French Proceeding") before the Tribunal de Commerce de Paris (Commercial Court of Paris) in the French Republic (the "French Court"), respectfully submits the following in support of this motion (the "Motion"):

**Relief Requested**

1.    The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) setting January 27, 2021, or as soon

---

[1]    Europcar Mobility Group S.A. is the debtor in this chapter 15 case.  Europcar Mobility Group S.A. is a public limited company with registration number 489 099 903.  The location of Europcar Mobility Group S.A.'s registered office is 13 ter Boulevard Berthier, 75017 Paris, France.

KE 111569006

thereafter as the Court's calendar permits, as the date (the "Recognition Hearing Date") for the hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition"),[2] filed contemporaneously herewith; (b) setting 4:00 p.m. (prevailing Eastern Time) on the seventh day before the date of the Recognition Hearing as the deadline by which any responses or objections to the Verified Petition must be received (the "Objection Deadline"); (c) approving the form of notice of the Recognition Hearing (the "Notice"), substantially in the form attached hereto as Exhibit 1 to the Order; and (d) approving the manner of service of the Notice as described herein.

## Background

2. On the date hereof, the Foreign Representative filed a voluntary petition for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for the Debtor in the United States Bankruptcy Court for the Southern District of New York. The purpose of the French Proceeding is to facilitate the injection of up to €480 million of new money to, among other things, fund the Debtor's go-forward business plan, and to implement a subsequent deleveraging of the Debtor's pro forma balance sheet through the conversion of certain of the Debtor's existing indebtedness into equity. A further description of the Debtor's business and the events leading up to the commencement of the French Proceeding and this chapter 15 case is included in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief*

---

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Verified Petition.

2

*Under Chapter 15 of the Bankruptcy Code* (the "Péligry Declaration"), filed concurrently herewith and fully incorporated herein by reference.

## Jurisdiction and Venue

3.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Verified Petition to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  This chapter 15 case has been properly commenced pursuant to sections 1504 and 1509 of the Bankruptcy Code by the filing of a petition for recognition of the French Proceeding under section 1515 of the Bankruptcy Code.

5.  This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(P). Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3). The Debtor's principal assets in the United States are located in New York, New York. Specifically, certain series of senior notes issued by the Debtor and certain of the Debtor's contractual obligations are governed by New York state law.

6.  The bases for the relief requested herein are sections 1504, 1510, 1515, 1517, and 1521 of the Bankruptcy Code, rules 1012, 2002(l), 2002(m), 2002(p), 2002(q), 9006(c)(1), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-4, 9006-1, and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

3

**Basis For Relief**

**I.      Form and Manner of Service of the Notice.**

7.      Bankruptcy Rule 2002(q)(1) provides that:

> . . . the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding.

Fed. R. Bankr. P. 2002(q). Bankruptcy Rule 2002(q), however, does not provide any additional details regarding the form and manner in which such notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m), 9007.

**A.      Notice by Electronic Means and Mail Should Be Permitted in These Chapter 15 Cases**

8.      As set forth above, Bankruptcy Rule 2002(q)(1) provides for service by mail of the Petition to a specified group of parties. The Foreign Representative proposes to serve the Verified Petition, Notice, and other relevant chapter 15 pleadings and notices by electronic mail, if available, and first-class mail on the following parties: (a) the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) all persons authorized to administer the foreign proceeding of the Debtor; (c) all parties to litigation pending in the United States in which the Debtor is a party as of the Petition Date; (d) counsel to the Cross-Holders Coordinating Committee; and (e) such other entities as this Court may direct (collectively, the "Notice Parties"). The Foreign Representative proposes to effect service of the Verified Petition and the Notice in this manner within five business days following entry of the Order.

4

### B. Form and Manner Generally

9. The Foreign Representative respectfully submits that service of the Verified Petition, Notice, and other relevant chapter 15 pleadings and notices by electronic mail and first class mail on the Notice Parties satisfies Bankruptcy Rule 2002(q). The Foreign Representative proposes to effect service of the Verified Petition, Notice, and other relevant chapter 15 pleadings and notices in this manner within five business days following entry of the Order.

10. The Foreign Representative submits that the form and manner of service of the Notice requested herein for the Notice Parties constitutes adequate and sufficient notice of this chapter 15 case and the relief sought in the Verified Petition. Accordingly, the Foreign Representative respectfully requests that this Court approve the form and manner of service of the Notice for the Notice Parties.

## II. Subsequent Notice and Foreign Creditors.

11. If any party files a notice of appearance in this chapter 15 case, the Foreign Representative shall effect service upon such party of (a) the Notice within three business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel), and (b) any subsequent pleadings filed by the Foreign Representative in this chapter 15 case.

12. Out of an abundance of caution, the Foreign Representative also seeks to clarify that certain notice requirements are not applicable in this chapter 15 case. Specifically, section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, among other things, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). Section 1514, though, applies only in plenary cases and does not apply in the context of an ancillary chapter 15 case like

5

this case. *See* Collier on Bankruptcy ¶ 1514.01 (16th ed. 2018) (section 1514 of the Bankruptcy Code is "[t]he last in the series of sections dealing with the international aspects of cases under chapters **other than chapter 15** that began with section 1511.") (emphasis added).

**III.    Form and Manner of Responses and Objections to the Verified Petition.**

13.    The Foreign Representative respectfully requests that any response or objection to the Verified Petition be made pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and such response or objection must be in writing and set forth the basis therefor, which response or objection must be filed with the Court in accordance with General Order M-399 and shall be served upon United States counsel for the Foreign Representative: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, Attn.: David R. Seligman, P.C., and Susan D. Golden and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Christopher M. Hayes and Alexander D. McCammon, so as to be ***actually received*** by the Objection Deadline.

14.    Bankruptcy Rule 1012(b) provides that, among other things, a party objecting to a petition to recognize a foreign proceeding under chapter 15 has until no later than seven days before the date set for the hearing on the petition to respond, unless the court orders otherwise. In light of this requirement, it is appropriate to set (a) January 27, 2021, or as soon thereafter as the Court's calendar permits, as the Recognition Hearing Date, and (b) the seventh day before the date of the Recognition Hearing as the Objection Deadline, by which any responses or objections to the relief sought in the Verified Petition are due.

<u>**Satisfaction of Bankruptcy Rule 9006(c)(1)**</u>

15.    Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) provide that the Court, for cause shown, may in its discretion reduce the standard notice period. *See In re Chateaugay Corp.*, 111 B.R. 399, 407 (S.D.N.Y. 1990), aff'd, 945 F.2d 1205 (2d Cir. 1991)

("Bankruptcy Rule 9006(c)(1) allows the bankruptcy court to shorten the length of time required or allowed for any act by the Bankruptcy Code."). As set forth in the Motion, the Foreign Representative believes that establishing a schedule for the recognition hearing and approving the form and manner of related notices is warranted at the outset of this chapter 15 case. Accordingly, the Foreign Representative respectfully requests that the Court approve the relief requested in the Motion on an emergency basis.

### Motion Practice

16. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

### Notice

17. The Foreign Representative will provide notice of this motion to: (a) the U.S. Trustee; (b) all persons authorized to administer the foreign proceeding of the Debtor; (c) all parties to litigation pending in the United States in which the Debtor is a party as of the Petition Date; (d) counsel to the Cross-Holders Coordinating Committee; and (e) such other entities as this Court may direct. In light of the nature of the relief requested, the Foreign Representative submits that no further notice is required.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Foreign Representative respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| New York, New York<br>Dated:  December 17, 2020 | */s/ David R. Seligman, P.C.*<br>David R. Seligman, P.C.<br>Susan D. Golden<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>- and -<br><br>Christopher M. Hayes (*pro hac vice* pending)<br>Alexander D. McCammon (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>*Counsel to the Foreign Representative* |

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| EUROPCAR MOBILITY GROUP S.A., | ) | Case No. 20-12878 (___) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**ORDER (I) SCHEDULING RECOGNITION HEARING**
**AND (II) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Upon the motion (the "Motion") of Luc Péligry as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtor (the "Debtor"), seeking entry of an order (a) scheduling a hearing on the relief sought in the Verified Petition, (b) setting the deadline by which any responses or objections to the Verified Petition must be received, (c) approving the form of notice of the Recognition Hearing (the "Notice"), substantially in the form attached hereto as **Exhibit 1**; and (d) approving the manner of service of the Notice; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. § 1410(1) and (3); and adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtor; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. A hearing on the relief requested in the Verified Petition is scheduled for January 27, 2021, at ____ __.m. (prevailing Eastern Time), or as soon thereafter as counsel shall

be heard, in Courtroom __ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

2. The form of notice of the Recognition Hearing in substantially the form attached hereto as **Exhibit 1** (the "Notice") is hereby approved.

3. Within five business days of entry of this Order, the Foreign Representative shall serve copies of the Notice by electronic or first-class mail on: (a) the U.S. Trustee; (b) all persons authorized to administer the foreign proceeding of the Debtor; (c) all parties to litigation pending in the United States in which the Debtor is a party as of the Petition Date; (d) counsel to the Cross-Holders Coordinating Committee; and (e) such other entities as this Court may direct.

4. The Foreign Representative shall serve the Notice and any subsequent notices upon any party that files a notice of appearance in this chapter 15 case, within three business days of the filing of such notice of appearance, or as soon thereafter as practicable, if such documents have not already been served on such party (or its counsel).

5. Service of the Notice in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 9006(c)(1).

7. All notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this chapter 15 case or are hereby waived.

8. Responses or objections to the Verified Petition and the relief requested therein must be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules, and such response or objection must be in writing and set forth the basis therefor, which response or objection must be filed with the Court in accordance with General Order M-399 and shall be served upon United States counsel for the Foreign Representative: Kirkland & Ellis LLP,

2

601 Lexington Avenue, New York, New York, Attn.: David R. Seligman, P.C., and Susan D. Golden and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Christopher M. Hayes and Alexander D. McCammon, so as to be *actually received* by no later than **January 20, 2021, at 4:00 p.m. (prevailing Eastern Time)**.

New York, New York
  Dated: _____, 2020

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Notice of Recognition Hearing**

| | |
|---|---|
| David R. Seligman, P.C.<br>Susan D. Golden<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900 | Christopher M. Hayes (*pro hac vice* pending)<br>Alexander D. McCammon (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200 |

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EUROPCAR MOBILITY GROUP S.A.,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-12878 (___) |

**NOTICE OF RECOGNITION HEARING**
**ON FOREIGN RECOGNITION PROCEEDINGS**

**PLEASE TAKE NOTICE** that on December 17, 2020, Luc Péligry (the "Foreign Representative"), in his capacity as the authorized representative of the above-captioned debtor (the "Debtor") regarding the Debtor's foreign restructuring proceeding (the "French Proceeding") currently pending before the Tribunal de Commerce de Paris (Commercial Court of Paris) in the French Republic (the "French Court"), filed a *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Verified Petition") pursuant to 11 U.S.C. §§ 1504, 1515, and 1517 with the United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Debtor seeks entry of an order recognizing the French Proceeding as a foreign main proceeding pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code") and granting certain additional relief pursuant to sections 105(a), 1507, 1510, 1515, and 1521 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing with respect to the Verified Petition (the "Recognition Hearing") for [___] [a./p.m.] (prevailing Eastern Time) on January 27, 2021.

**PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Verified Petition must do so in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the Court, and such response or objection must be in writing and set forth the basis therefor, which response or objection must be filed with the Court in accordance with General Order M-399 and shall be served upon United States counsel for the Foreign Representative:  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, Attn.:  David R. Seligman, P.C., and Susan D. Golden and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.:  Christopher M. Hayes and Alexander D. McCammon, so as to be *actually received* no later than **January 20, 2021, at 4:00 p.m. (prevailing Eastern Time)**, with a courtesy copy served upon the Chambers of the Honorable [___], United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that copies of the Verified Petition filed by the Foreign Representative may be obtained by visiting the Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon written request to the Foreign Representative's United States counsel addressed to:  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, Attn.:  David R. Seligman, P.C., and Susan D. Golden and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.:  Christopher M. Hayes and Alexander D. McCammon.

**PLEASE TAKE FURTHER NOTICE** that hearings in this matter, including the Recognition Hearing, shall take place at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that at such hearing the Court may order the scheduling of a case management conference to consider the efficient administration of this chapter 15 case.

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Verified Petition carefully and discuss it with your attorney, if you have one in connection with this chapter 15 case. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the Foreign Representative, or if you want the Court to consider your views on any matter requested at the Recognition Hearing, then you or your attorney must attend such hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought by the Foreign Representative and may enter an order granting the relief requested.

[*Remainder of page intentionally left blank.*]

3

| | |
|---|---|
| New York, New York<br>Dated:  December __, 2020 | */s/* _____<br>David R. Seligman, P.C.<br>Susan D. Golden<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:     (212) 446-4800<br>Facsimile:      (212) 446-4900<br><br>        - and -<br><br>Christopher M. Hayes (*pro hac vice* pending)<br>Alexander D. McCammon (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:     (312) 862-2000<br>Facsimile:      (312) 862-2200<br><br>*Counsel to the Foreign Representative* |