<table>
<tr><td>David R. Seligman, P.C.<br>Susan D. Golden<br><strong>KIRKLAND & ELLIS LLP</strong><br><strong>KIRKLAND & ELLIS INTERNATIONAL LLP</strong><br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:     (212) 446-4800<br>Facsimile:     (212) 446-4900</td><td>Christopher M. Hayes (admitted <em>pro hac vice</em>)<br>Alexander D. McCammon (admitted <em>pro hac vice</em>)<br><strong>KIRKLAND & ELLIS LLP</strong><br><strong>KIRKLAND & ELLIS INTERNATIONAL LLP</strong><br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200</td></tr>
</table>

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| EUROPCAR MOBILITY GROUP S.A.,[1] | ) | Case No. 20-12878 (MEW) |
| | ) | |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

### NOTICE OF FILING CERTIFIED COPY OF
### OPENING JUDGMENT IN FRENCH PROCEEDING

**PLEASE TAKE NOTICE** that on December 17, 2020, Luc Péligry, in his capacity as authorized representative (the "Foreign Representative") of Europcar Mobility Group S.A., based upon the *sauvegarde financière accélérée* (i.e. "expedited financial safeguard") proceeding (the "French Proceeding") commenced by the *Tribunal de Commerce de Paris* (Commercial Court of Paris) (the "French Court") on December 14, 2020 (the "Opening Judgment"), by and through its undersigned counsel, initiated the above-referenced chapter 15 case.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative hereby supplements the chapter 15 petition by filing a certified copy of the Opening Judgment, attached

---

[1]    Europcar Mobility Group S.A. is the debtor in this chapter 15 case.  Europcar Mobility Group S.A. is a public limited company with registration number 489 099 903.  The location of Europcar Mobility Group S.A.'s registered office is 13 ter Boulevard Berthier, 75017 Paris, France.

hereto as **Exhibit A**.  An English translation of the Opening Judgment is attached hereto as

**Exhibit B**, and a corresponding translator's certificate is attached as **Exhibit C**.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed by the Foreign

Representative may be obtained free of charge upon written request to the Foreign

Representative's United States counsel addressed to:  Kirkland & Ellis LLP, 601 Lexington

Avenue, New York, New York, Attn.: David R. Seligman, P.C. and Susan D. Golden and Kirkland

& Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Christopher M. Hayes and

Alexander D. McCammon.  You may also obtain copies of any pleadings filed in the chapter 15

case for a fee by visiting the Court's website on PACER at https://ecf.nysd.uscourts.gov.

New York, New York            */s/ David R. Seligman*
Dated:  December 28, 2020     David R. Seligman, P.C.
                              Susan D. Golden
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              601 Lexington Avenue
                              New York, New York  10022
                              Telephone:     (212) 446-4800
                              Facsimile:     (212) 446-4900

                                   - and -

                              Christopher M. Hayes (admitted *pro hac vice*)
                              Alexander D. McCammon (admitted *pro hac vice*)
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              300 North LaSalle
                              Chicago, Illinois  60654
                              Telephone:     (312) 862-2000
                              Facsimile:     (312) 862-2200


                              *Counsel to the Foreign Representative*

<u>**Exhibit A**</u>

**Opening Judgment**



LRAR:
-SA EUROPCAR MOBILTY GROUP
Copies :
-TPG
-SELARL FHB en la personne de Me Hélène
Bourbouloux
-SELAFA MJA en la personne de Me Lucile
Jouve
-Parquet

# REPUBLIQUE FRANCAISE

# AU NOM DU PEUPLE FRANÇAIS

# TRIBUNAL DE COMMERCE DE PARIS

# 2 EME CHAMBRE

# JUGEMENT PRONONCE LE 14/12/2020

RG 2020055220
P202002186

EUROPCAR MOBILITY GROUP, société anonyme dont le siège social est 13ter, boulevard Berthier, 75017 Paris (RCS Paris n°489 099 903)

### Jugement d'ouverture de sauvegarde financière accélérée

- Mme Caroline Parot, 13ter, boulevard Berthier, 75017 Paris présidente du directoire, assistée de Me François Kopf, avocat membre de AARPI DARROIS VILLEY MAILLOT BROCHIER.
- M. Franck Rohard, 13ter, boulevard Berthier, 75017 Paris secrétaire général, présent.
- M. Luc Peligry, 13ter, boulevard Berthier, 75017 Paris, directeur financier, présent.
- SELARL FHB en la personne de Me Hélène Bourbouloux, 176 avenue Charles de Gaulle 92200 Neuilly-sur-Seine, conciliateur, présente.

**Après en avoir délibéré :**

Par demande en date du 9 décembre 2020, la SA EUROPCAR MOBILITY GROUP, immatriculée sous le numéro 489 099 903 au RCS de Paris dont le siège social est situé 13ter, boulevard Berthier à PARIS (75017), sollicite l'ouverture d'une procédure de sauvegarde financière accélérée, au visa des articles L. 628-1 et suivants du code de commerce.

Conformément aux dispositions de l'article R. 621-2 du code de commerce, le représentant légal de l'entreprise a été avisé par le greffier qu'il devait réunir le cas échéant le comité d'entreprise ou, à défaut, les délégués du personnel, pour que soient désignées les personnes habilitées à être entendues par le tribunal et à exercer les voies de recours conformément aux dispositions de l'article L. 661-10 du code de commerce.

La demande a été communiquée au Ministère Public qui, avisé de la date d'audience, est présent à la chambre du conseil qui l'a examinée le 14 décembre 2020.

La SELARL FHB, prise en la personne de Maître Hélène Bourbouloux, conciliateur, désignée par ordonnance du président du tribunal de commerce de Paris en date du 19 novembre 2020, a été appelée et entendue en chambre du conseil, conformément à l'article R. 628-4 du code de commerce, son rapport et les pièces ayant été déposés au greffe et communiqués à la société et au ministère public préalablement à l'audience selon les dispositions de l'article R. 628-2 du code de commerce.

A l'appui de sa demande, le dirigeant communique l'ensemble des pièces prévues par les dispositions de l'article R. 628-2 du code de commerce.

TRIBUNAL DE COMMERCE DE PARIS
JUGEMENT DU LUNDI 14/12/2020
2 EME CHAMBRE

N° RG : 2020055220

PAGE 2

Il résulte des informations recueillies par le tribunal et des pièces produites :

## FAITS ET EXPOSE DE LA DEMANDE

La société EUROPCAR MOBILITY GROUP est la société-mère du groupe Europcar, l'un des leaders mondiaux et leader européen du marché de la location de véhicules. Le groupe Europcar est composé de 22 sociétés opérationnelles exploitant 4 marques internationales – Europcar, Goldcar, InterRent et Ubeeqo – et plusieurs marques locales – dont Buchbinder en Allemagne et Fox Rent A Car aux Etats-Unis.

En 2019, le groupe employait en moyenne près de 10 000 salariés.

Les actions de la société EUROPCAR MOBILITY GROUP sont cotées sur le marché Euronext Paris sur lequel elle fait partie de l'indice SBF (120 principales capitalisations boursières). Son actionnaire principal, Eurazeo détenait, au 11 septembre 2020, 29,8% du capital social.

Sur l'exercice 2019, EUROPCAR MOBILITY GROUP a réalisé un chiffre d'affaires de 11,7 M€, a dégagé un résultat d'exploitation de -11,6 M€, un résultat financier de 1,7 M€ et un résultat net de 11,2 M€, alors qu'au niveau du groupe le chiffre d'affaires consolidé s'est élevé à 3 022 M€ pour un EBITDA de 278 M€ et un résultat net consolidé de 38 M€.

## ORIGINE DES DIFFICULTES

L'activité du groupe Europcar est historiquement rentable. Toutefois, le groupe a subi les restrictions de déplacement mises en place pour contrer l'épidémie de covid-19, conduisant à des pertes d'exploitation importantes. Ainsi, au 30 septembre 2020, la société affichait un chiffre d'affaires consolidé de 1 352 M€ et un résultat net négatif de – 296 M€.

Compte tenu de cette situation, le groupe a souscrit plusieurs prêts garantis par les Etats français d'une part et espagnol d'autre part, pour un montant global de 285 M€. Néanmoins, au vu de la profondeur de la crise, les pertes de la société n'ont pas pu être couvertes par ces seuls prêts.

De nouveaux financements s'avèrent nécessaires et dans un contexte de reprise d'activité incertaine et progressive, l'endettement « corporate » du groupe (qui correspond à la dette financière hors dette liée au financement de la flotte automobile) doit être réaménagé au vu des perspectives d'activité du groupe.

Aussi, la société a sollicité et obtenu le 19 octobre 2020 l'ouverture d'une procédure de mandat *ad hoc* suivie de l'ouverture d'une procédure de conciliation le 19 novembre 2020.

Les discussions menées dans ce cadre avec les prêteurs de la société ont abouti à la conclusion d'un accord (le *lock-up agreement*) le 25 novembre 2020 avec les membres d'un comité *ad hoc* représentant 60% de la dette obligataire de 1 050 M€ de la société et 100% de la facilité de crédit dite « Crédit Suisse » de 50 M€, prévoyant en synthèse :

- Un désendettement significatif du groupe par la conversion en capital de la dette obligataire et de l'emprunt « Crédit Suisse » ;
- Un apport de liquidités à hauteur de 475 M€, dont 255 M€ en capital et le solde en financement de flotte « fleet financing » ;

- Le refinancement au *closing* espéré en mars 2021 de la facilité de crédit « RCF » de 670 M€, dont les emprunteurs sont des filiales de la société.

Cet accord permettrait d'une part de renforcer le bilan du groupe en ramenant son niveau de levier financier à 1x à l'horizon 2023 et d'autre part de répondre aux besoins de trésorerie du groupe qui devrait rester positive sur toute la durée du plan d'affaires.

Compte tenu de la nature de la dette obligataire et de l'ignorance de l'exhaustivité des porteurs, qui ne permet pas matériellement de recueillir l'unanimité requise pour mettre en œuvre l'accord dans le cadre d'un protocole de conciliation, la société sollicite l'ouverture d'une procédure de sauvegarde financière accélérée afin de lui permettre de mettre en œuvre l'accord ainsi négocié conformément aux dispositions des articles L. 628-1 et suivants du code de commerce, étant précisé qu'elle en demandera la reconnaissance aux Etats-Unis dans le cadre d'une procédure de « Chapter 15 » du « Federal Bankruptcy Code ».

M. Almaseanu vice-procureur de la République, a été entendu en ses observations, et s'est déclaré favorable à l'ouverture de la procédure de sauvegarde financière accélérée.

Après avoir entendu les parties le président a clos les débats et le tribunal s'est retiré afin de délibérer puis a prononcé le jugement sur le siège.

**SUR CE**

Attendu que le tribunal a entendu le dirigeant sur les difficultés insurmontables rencontrées par la demanderesse ;

Attendu que la société EUROPCAR MOBILITY GROUP est engagée dans une procédure de conciliation, conformément à l'article L. 628-1 alinéa 2 du code de commerce ;

Attendu que la société EUROPCAR MOBILITY GROUP établit des comptes consolidés conformément à l'article L. 233-16 du code de commerce et a réalisé au 31 décembre 2019 un chiffre d'affaires supérieur à 3M€ conformément à l'article D. 628-3 du code de commerce ;

Attendu que la société EUROPCAR MOBILITY GROUP démontre ne pas être en état de cessation de paiement, notamment depuis plus de quarante-cinq jours à la date de la demande d'ouverture de la procédure de conciliation ;

Attendu que l'accord trouvé par la société EUROPCAR MOBILITY GROUP avec une majorité de ses créanciers est de nature à assurer la pérennité de l'entreprise ;

Attendu qu'en l'absence de nouveau financement à très court-terme et de restructuration de sa dette, la société EUROPCAR MOBILITY GROUP et le groupe EUROPCAR ne seraient pas en mesure d'honorer leurs engagements financiers de sorte que la société EUROPCAR MOBILITY GROUP justifie des difficultés qu'elle n'est pas en mesure de surmonter ;

Attendu que l'accord de « *lock-up* » agréé par des prêteurs représentant 60% de la dette obligataire de la société et 100% de la facilité de crédit « Crédit suisse » permet de s'assurer que le projet de plan que présentera EUROPCAR MOBILITY GROUP est susceptible de recueillir de la part des créanciers ayant la qualité de membres de l'assemblée unique des obligataires et du comité des établissements de crédits et assimilés, un soutien suffisamment large de créanciers pour rendre vraisemblable son adoption par les créanciers obligataires ;

Attendu que les conditions formelles d'éligibilité à la procédure de l'article L. 628-1 du code de commerce sont ainsi réunies ;

Attendu que le tribunal a entendu, en présence du ministère public, le conciliateur sur le déroulement de la conciliation et sur les perspectives favorables d'adoption du projet de plan par les créanciers concernés ;

Attendu que les conditions formelles d'éligibilité à la procédure de l'article L. 628-2 du code de commerce sont réunies ;

Attendu que la société EUROPCAR MOBILITY GROUP sollicite d'être dispensée d'inventaire conformément aux dispositions de l'article L. 628-3 du code de commerce ;

Attendu que la société EUROPCAR MOBILITY GROUP sollicite conformément aux dispositions de l'article L. 628-4 du code de commerce, la constitution des comités de créanciers prévue à l'article L. 626-29 du code de commerce ;

Attendu que la société sollicite du Tribunal la désignation de Luc PELIGRY, Directeur financier, en qualité de « foreign representative » de la société EUROPCAR MOBILITY GROUP afin de solliciter l'ouverture d'une procédure de « Chapter 15 » du « Federal Bankruptcy Code » ;

Attendu que la société EUROPCAR MOBILITY GROUP sollicite la désignation de Maître Bourbouloux en qualité d'administrateur judiciaire ;

Attendu que le ministère public s'est déclaré favorable à l'ouverture de la procédure et déclare ne pas avoir d'opposition à la désignation de Maître Bourbouloux ;

Attendu que les critères de la loi sont respectés ;

Le tribunal dira la société EUROPCAR MOBILITY GROUP recevable et bien fondée en sa demande et ouvrira une procédure de sauvegarde financière accélérée, conformément aux dispositions de l'article L. 628-1 et suivants du code de commerce en statuant ainsi que suit :

## PAR CES MOTIFS

Le tribunal, statuant publiquement par jugement contradictoire et en premier ressort,

Le ministère public ayant été avisé de la procédure et entendu en ses réquisitions,

Prononce l'ouverture de la procédure de sauvegarde financière accélérée prévue par les dispositions des articles L. 628-1 et suivants du code de commerce, à l'égard de :

SA EUROPCAR MOBILITY GROUP,
activité : Toute prise de participations ou d'intérêts dans toutes personnes morales françaises ou étrangères ainsi que toutes activités susceptibles d'être exercées par une société holding- la participation de la société, par tous moyens, dans toutes opérations pouvant se rapporter à son objet ou par voie de création de sociétés nouvelles, de souscription ou d'achat de titres ou droits sociaux, de fusion ou autrement, la réalisation d'opérations de trésorerie avec des sociétés ayant avec elle, directement ou indirectement des liens de capital conférant à l'une des sociétés un pouvoir de contrôle effectif sur les autres au sens de l'article L 511-7 du code monétaire et financier et l'octroi à titre non

habituel de cautions et garanties, la gestion administrative et commerciale de toutes entreprises industrielles ou commerciales, et le conseil de gestion financière et d'organisation commerciale et administrative.
au 13 ter boulevard Berthier 75017 Paris
N° RCS PARIS : 489099903 2018B17717

Désigne Monsieur Alain Fargeaud en qualité de juge-commissaire.

Désigne la SELARL FHB en la personne de Me Hélène Bourbouloux, 176 avenue Charles de Gaulle, 92200 Neuilly-sur-Seine, en qualité d'administrateur judiciaire avec une mission de surveillance.

Désigne la SELAFA MJA en la personne de Me Lucile Jouve, 102 rue du Faubourg Saint Denis 75479 Paris cedex 10, mandataire judiciaire.

Dit que M. Luc Peligry, Directeur financier sollicitera en tant que « *foreign representative* » l'ouverture d'une procédure de « Chapter 15 » du « Federal Bankruptcy Code » auprès du tribunal américain compétent,

Ordonne la constitution des comités de créanciers prévue à l'article L. 626-29 du code de commerce,

Dispense la SA EUROPCAR MOBILITY GROUP d'inventaire,

Fixe au 11 janvier 2021 à 09h30 la date de l'audience à l'issue de laquelle il sera statué sur le projet de plan ou sur la prolongation du délai d'un mois prévu à l'article L. 628-8 du code de commerce,

Dit que l'ouverture de la procédure de sauvegarde financière accélérée n'a d'effet qu'à l'égard des créanciers membres du comité des créanciers visés à l'article L. 626-30 du code de commerce et des créanciers obligataires visés à l'article L. 626-32 du code de commerce,

Dit que la SA EUROPCAR MOBILITY GROUP déposera dans les dix jours suivant le présent jugement la liste des créanciers visées à l'article L. 628-7 du code de commerce,

Dit que le jugement est exécutoire de plein droit,

Dit que les dépens du présent jugement liquidés à la somme de 89,24 euros dont 14,87 euros de T.V.A., ainsi que les frais de publicité et de notification à venir seront portés en frais privilégiés de sauvegarde.

Retenu à l'audience de la chambre du conseil du 14 décembre 2020 où siégeaient :
MM. Louis Martin Président, Alain Fargeaud, Patrick Gautier, Christian Tessiot et M. Michel Teytu, juges,

Délibéré par les mêmes juges et prononcé à l'audience publique du 14 juin 2020 où siégeaient M. Louis Martin, président, MM Alain Fargeaud, Patrick Gautier, Christian Tessiot, et Michel Teytu, juges assistés de M. Laurent Cuny, greffier.

TRIBUNAL DE COMMERCE DE PARIS
JUGEMENT DU LUNDI 14/12/2020
2 EME CHAMBRE

N° RG : 2020055220

PAGE 6

La minute du jugement est signée par M. Louis Martin, président du délibéré, et par M. Laurent Cuny, greffier.

En l'absence du Président du délibéré empêché, le présent jugement est signé par M...T.P.T.T........

Le greffier

Le président

**<u>Exhibit B</u>**

**English Translation**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

FRENCH REPUBLIC

IN THE NAME OF THE FRENCH PEOPLE

COMMERCIAL COURT OF PARIS

2nd DIVISION

JUDGMENT ENTERED ON 12/14/2020

Registered Letter with Delivery Confirmation:
- SA EUROPCAR MOBILITY GROUP
Copies:
- TPG
- SELARL FHB represented by Hélène Bourbouloux, Esq.
- SELAFA MJA represented by Lucile Jouve, Esq.
- Office of the Public Prosecutor

RG 2020055220
P202002186

EUROPCAR MOBILITY GROUP, *société anonyme* [corporation] with head office at 13ter, boulevard Berthier, 75017 Paris (Paris Commercial Register No. 489 099 903)

### Judgment Opening Accelerated Financial Safeguard

- Ms. Caroline Parot, 13ter, boulevard Berthier, 75017 Paris, chairperson of the management board, assisted by François Kopf, Esq. attorney-at-law, member of AARPI DARROIS VILLEY MAILLOT BROCHIER,
- Mr. Franck Rohard, 13ter, boulevard Berthier, 75017 Paris, general secretary, present.
- Mr. Luc Peligry, 13ter, boulevard Berthier, 75017 Paris, chief financial officer, present.
- SELARL FHB represented by Hélène Bourbouloux, Esq., 176 avenue Charles de Gaulle 92200 Neuilly-sur-Seine, conciliator, present.

**After deliberation:**

By petition dated December 9, 2020, SA EUROPCAR MOBILITY GROUP, registered under number 489 099 903 in the Commercial Register of Paris, with head office located at 13ter, boulevard Berthier in Paris (75017), requests that an accelerated financial safeguard proceeding be opened, under Articles L. 628-1 *et seq.* of the Commercial Code.

Pursuant to the provisions of Article R. 621-2 of the Commercial Code, the company's legal representative was advised by the clerk of the court that he should convene the works council or, absent that, the union delegates, in order to designate the persons entitled to be heard by the court and to bring the appeals pursuant to the provisions of Article L. 661-10 of the Commercial Code.

The petition was conveyed to the Office of the Public Prosecutor, which, having been informed of the hearing date, is present in the judge's chambers which examined it on December 14, 2020.

SELARL FHB, represented by Hélène Bourbouloux, Esq., conciliator, designated by order of the chief judge of the commercial court of Paris on November 19, 2020, has been called and heard in judge's chambers, pursuant to Article R. 628-4 of the Commercial Code, as her report and the exhibits were filed at the clerk's office and conveyed to the company and to the Office of the Public Prosecutor prior to the hearing pursuant to the provisions of Article R. 628-2 of the Commercial Code.

In support of his petition, the executive officer produces all the exhibits required by the provisions of Article R. 628-2 of the Commercial Code.

[initials]                                                                                    [initials]

Page 1

The information collected by the court and the exhibits that have been produced indicate as follows:

## FACTS AND ARGUMENT OF THE PETITION

EUROPCAR MOBILITY GROUP is the parent company of the Europcar group, one of the global leaders and the European leader in the vehicle rental market. The Europcar group is composed of 22 operating companies using 4 international trademarks - Europcar, Goldcar, InterRent and Ubeeqo - and several local trademarks - including Buchbinder in Germany and Fox Rent A Car in the United States.

In 2019, the group employed on average nearly 10,000 employees.

The shares of EUROPCAR MOBILITY GROUP are listed on the Euronext Paris market, where it is part of the SBF index (120 main stock market capitalizations). As of September 11, 2020, its principal shareholder, Eurazeo, held 29.8% of the capital stock.

In fiscal year 2019, EUROPCAR MOBILITY GROUP had a turnover of €11.7 Million, had operating income of -€11.6 Million, financial income of €1.7 Million and net income of €11.2 Million while at the group level, the consolidated turnover was €3,022 Million for an EBITDA of €278 Million and consolidated net income of €38 Million.

## SOURCE OF DIFFICULTIES

The activity of the Europcar group is historically profitable. However, the group underwent the travel restrictions put in place to combat the covid-19 epidemic, leading to large operating losses. So, as of September 30, 2020, the company posted consolidated turnover of €1,352 Million and negative net income of -€296 Million .

Considering that situation, the group took out several loans secured by the French and Spanish Federal Governments, for a total amount of €285 Million. Nevertheless, in view of the depth of the crisis, it was not possible to cover the company's losses by those loans alone.

New financings are necessary and in a climate of uncertain, gradual business recovery, the group's corporate debt (which corresponds to the financial debt excluding debt related to the financing of the automobile fleet) must be adjusted in view of the group's business prospects.

So the company requested and obtained on October 19, 2020 the opening of an arrangement-with-creditors proceeding [*mandat ad hoc*] followed by the opening of a conciliation proceeding on November 19, 2020.

The talks conducted in that connection with the company's lenders resulted in the signing of an agreement (the lock-up agreement) on November 25, 2020 with the members of an ad hoc committee representing 60% of the company's bond debt of €1,050 Million and 100% of the so called "Credit Suisse" credit facility for €50 Million, which provides for, in summary:

- A significant reduction in the group's debt by converting the bond debt and the "Credit Suisse" loan into capital;
- A contribution of liquidities in the amount of €475 Million, including €255 Million in capital and the balance in fleet financing;

[initials]                                    [initials]

COMMERCIAL COURT OF PARIS                                    GENERAL REGISTER NO.: 2020055220
JUDGMENT DATED MONDAY 12/14/2020
2ND DIVISION                                                                                  PAGE 3

- Refinancing, at the expected closing in March 2021, of the "RCF" credit facility of €670 Million, in which the borrowers are the company's subsidiaries.

That agreement would make it possible, firstly, to bolster the group's balance sheet by bringing its financial leverage level to 1x by 2023 and, secondly, to meet the group's needs for cash, which should remain positive over the entire duration of the business plan.

Considering the nature of the bond debt and the ignorance of the exhaustiveness of the carriers, which makes it materially impossible to obtain the unanimity required to implement the agreement under a conciliation protocol, the company requests the opening of an accelerated financial safeguard proceeding so that it can implement the agreement thus negotiated pursuant to the provisions of Articles L. 628-1 *et seq.* of the Commercial Code, bearing in mind that it will request its recognition in the United States in a proceeding under Chapter 15 of the Federal Bankruptcy Code.

The comments of Mr. Almaseanu, vice prosecutor, were heard, and he declared himself favorable to opening the accelerated financial safeguard proceeding.

After having heard the parties, the chief judge closed the arguments and the court withdrew in order to deliberate, then entered the judgment on the bench.

**WHEREUPON**

Whereas the court heard the executive officer on the insurmountable difficulties experienced by the plaintiff;

Whereas EUROPCAR MOBILITY GROUP is engaged in a conciliation proceeding, pursuant to Article L. 628-1, section 2, of the Commercial Code;

Whereas EUROPCAR MOBILITY GROUP prepares consolidated accounts pursuant to Article L. 233-16 of the Commercial Code, and as of December 31, 2019 had a turnover greater than 3 Million € pursuant to Article D. 628-3 of the Commercial Code;

Whereas EUROPCAR MOBILITY GROUP shows that it is not in a state of cessation of payment, particularly for more than the past forty-five days as of the date of the petition for opening the conciliation proceeding;

Whereas the agreement that EUROPCAR MOBILITY GROUP reached with a majority of its creditors is able to assure the sustainability of the company;

Whereas without any new very short-term financing and restructuring of its debt, EUROPCAR MOBILITY GROUP and the EUROPCAR group would not be able to honor their financial commitments such that EUROPCAR MOBILITY GROUP proves its difficulties which it is not able to surmount;

Whereas the lock-up agreement approved by lenders representing 60% of the company's bond debt and 100% of the "Swiss Credit" credit facility convinces us that the draft plan that EUROPCAR MOBILITY GROUP will submit is likely to obtain from the creditors who are members of the single assembly of bond-holders and the committee of credit institutions and comparable parties, sufficiently broad support from creditors such that its adoption by the bond creditors is probable;

[initials]                                                                                  [initials]

COMMERCIAL COURT OF PARIS                                        GENERAL REGISTER NO.: 2020055220
JUDGMENT DATED MONDAY 12/14/2020
2ND DIVISION                                                                                          PAGE 4

Whereas therefore the formal requirements of eligibility for the proceeding of Article L. 628-1 of the Commercial Code are met;

Whereas, in the presence of the Office of the Public Prosecutor, the court has heard the conciliator on the course of the conciliation and the favorable prospects for adoption of the draft plan by the creditors concerned;

Whereas the formal requirements of eligibility for the proceeding of Article L. 628-2 of the Commercial Code are met;

Whereas EUROPCAR MOBILITY GROUP asks to be exempted from inventory pursuant to the provisions of Article L. 628-3 of the Commercial Code;

Whereas EUROPCAR MOBILITY GROUP requests, pursuant to the provisions of Article L. 628-4 of the Commercial Code, the formation of the committees of creditors provided for by Article L. 626-29 of the Commercial Code;

Whereas the company asks the Court to appoint Luc Peligry, Chief Financial Officer, to be foreign representative of EUROPCAR MOBILITY GROUP in order to request the opening of a proceeding under Chapter 15 of the Federal Bankruptcy Code;

Whereas EUROPCAR MOBILITY GROUP asks that Attorney Bourbouloux be appointed as judicial administrator;

Whereas the Office of the Public Prosecutor has declared itself favorable to opening the proceeding and states that it does not have any opposition to the appointment of Attorney Bourbouloux;

Whereas the criteria of the law are respected;

The court will rule that the petition from EUROPCAR MOBILITY GROUP is admissible and well founded and will open an accelerated financial safeguard proceeding, pursuant to the provisions of Article L. 628-1 *et seq.* of the Commercial Code, by ruling as follows:

**ON THESE GROUNDS**

The court, ruling publicly by judgment *inter partes* and in the first instance,

The Office of the Public Prosecutor having been informed of the proceeding, and its submissions having been heard,

Decrees the opening of the accelerated financial safeguard proceeding provided for by the provisions of Articles L. 628-1 *et seq.* of the Commercial Code, with regard to:

SA EUROPCAR MOBILITY GROUP,
activity: Any acquisition of equity stakes or interests in any French or foreign legal entities as well as any activities that might be conducted by a holding company; the company's participation, by any means, in any transactions that might relate to its purpose or by creation of new companies, subscription or purchase of securities or corporate rights, merger or otherwise, conducting cash transactions with companies that have direct or indirect capital ties to it granting one of the companies an effective controlling power over the others pursuant to Article L 511-7 of the Monetary and Financial Code, and on an exceptional basis

[initials]                                                                                          [initials]

COMMERCIAL COURT OF PARIS                                   GENERAL REGISTER NO.: 2020055220
JUDGMENT DATED MONDAY 12/14/2020
2ND DIVISION                                                                            PAGE 5

granting surety bonds and guarantees, administrative and commercial management of any industrial or commercial companies, and advice on financial management and commercial and administrative organization,
at 13 ter boulevard Berthier 75017 Paris
Paris Commercial Register No.: 489099903 2018B17717

Appoints Mr. Alain Fargeaud to be insolvency judge.

Appoints SELARL FHB represented by Hélène Bourbouloux, Esq., 176 avenue Charles de Gaulle, 92200 Neuilly-sur-Seine, to be judicial administrator with an oversight mission.

Appoints SELAFA MJA represented by Lucile Jouve, Esq., 102 rue du Faubourg Saint Denis 75479 Paris cedex 10, to be judicial agent.

Rules that Mr. Luc Peligry, Chief Financial Officer, as foreign representative, will request the opening of a proceeding under Chapter 15 of the Federal Bankruptcy Code in the appropriate American court,

Orders the formation of the committees of creditors provided for in Article L. 626-29 of the Commercial Code,

Exempts SA EUROPCAR MOBILITY GROUP from inventory,

Sets at January 11, 2021 at 09:30 a.m. the date of the hearing after which there will be a ruling on the draft plan or the extension of the one-month deadline provided in Article L. 628-8 of the Commercial Code,

Rules that the opening of the accelerated financial safeguard proceeding shall have effect only with regard to the creditors that are members of the committee of creditors indicated in Article L. 626-30 of the Commercial Code and the bond creditors indicated in Article L. 626-32 of the Commercial Code,

Rules that, within ten days after this judgment, SA EUROPCAR MOBILITY GROUP shall file the list of creditors indicated in Article L. 628-7 of the Commercial Code,

Rules that the judgment is enforceable *sua sponte*,

Rules that the costs of this judgment, settled in the amount of 89.24 euros, including 14.87 euros in VAT, as well as the forthcoming publicity and notification expenses, shall be posted as preferred safeguard expenses.

Decided at the hearing in judge's chambers on December 14, 2020, where the following participated:
Louis Martin, Chief Judge, Alain Fargeaud, Patrick Gautier, Christian Tessiot and Mr. Michel Teytu, judges,

Deliberated by the same judges and decreed at the public hearing on June 14, 2020, where the following participated: Mr. Louis Martin, chief judge, Alain Fargeaud, Patrick Gautier, Christian Tessiot, and Michel Teytu, judges, assisted by Mr. Laurent Cuny, clerk of the court.


[initials]                                                                   [initials]

*13*

The original of the judgment is signed by Mr. Louis Martin, chief judge of the deliberation, and by Mr. Laurent Cuny, clerk of the court.

> In the absence of the Chief Judge of the deliberation, who is indisposed, this judgment is signed by Mr. Teytu

The Clerk of the Court                                    The Chief Judge

[signature]                                               [signature]

## **Exhibit C**

**Translator's Certificate**



STATE OF NEW YORK

          )
          )
          )

COUNTY OF NEW YORK         )    ss

## CERTIFICATION

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from French into English of the attached document *Judgment Opening Accelerated Financial Safeguard*

dated December 14, 2020.

Edward J. Jacob
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this 23rd day of December, 2020,

by Edward J. Jacob.

Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires    November 7, 2024



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com