David R. Seligman, P.C.
Susan D. Golden
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Christopher M. Hayes (admitted *pro hac vice*)
Alexander D. McCammon (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| EUROPCAR MOBILITY GROUP S.A.,[1] | ) Case No. 20-12878 (MEW) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |

## NOTICE OF FILING OF REVISED RECOGNITION ORDER

**PLEASE TAKE NOTICE** that on December 17, 2020, Luc Péligry (the "<u>Foreign Representative</u>"), in his capacity as the authorized representative of the above-captioned debtor (the "<u>Debtor</u>") regarding the Debtor's foreign restructuring proceedings (the "<u>Foreign Proceeding</u>") before the Tribunal de Commerce de Paris (Commercial Court of Paris) in the French Republic (the "<u>French Court</u>"), filed (a) a voluntary petition for relief under chapter 15 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and (b) a verified petition for recognition of the French Proceeding as a foreign main proceeding in the United States Bankruptcy Court for the Southern District of New York (the "<u>Verified Petition</u>"), which is being administered under Case No. 20-12878, in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

---

[1] Europcar Mobility Group S.A. is the debtor in this chapter 15 case. Europcar Mobility Group S.A. is a public limited company with registration number 489 099 903. The location of Europcar Mobility Group S.A.'s registered office is 13 ter Boulevard Berthier, 75017 Paris, France.

**PLEASE TAKE FURTHER NOTICE** that, since the filing of the Verified Petition, the Foreign Representative has made certain revisions to the proposed order attached to the Verified Petition (the "Original Recognition Order"). A revised version of the Original Recognition Order (the "Revised Recognition Order") is attached hereto as **Exhibit A**. For the convenience of the Court and parties in interest, a blackline of the Revised Recognition Order against the Original Recognition Order is attached hereto as **Exhibit B**. The Foreign Representative intends to seek entry of the Revised Recognition Order at the Recognition Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Foreign Representative reserves the right to make further changes to the Revised Recognition Order prior to the Recognition Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed by the Foreign Representative may be obtained free of charge by visiting the Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document), or upon written request to the Foreign Representative's United States counsel addressed to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, Attn.: David R. Seligman, P.C., and Susan D. Golden and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Christopher M. Hayes and Alexander D. McCammon.

*[Remainder of page intentionally left blank.]*

New York, New York          /s/ David R. Seligman
Dated:  February 3, 2021    David R. Seligman, P.C.
                            Susan D. Golden
                            **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            601 Lexington Avenue
                            New York, New York  10022
                            Telephone:    (212) 446-4800
                            Facsimile:    (212) 446-4900

                                - and -

                            Christopher M. Hayes (admitted *pro hac vice*)
                            Alexander D. McCammon (admitted *pro hac vice*)
                            **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            300 North LaSalle
                            Chicago, Illinois  60654
                            Telephone:    (312) 862-2000
                            Facsimile:    (312) 862-2200

                            *Counsel to the Foreign Representative*

## EXHIBIT A

**Revised Recognition Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| EUROPCAR MOBILITY GROUP S.A., | Case No. 20-12878 (MEW) |
| Debtor in a Foreign Proceeding. | |

## ORDER GRANTING PETITION FOR (I) RECOGNITION AS FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petition filed concurrently therewith, the "Petition"),[1] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtor (the "Debtor"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, the Péligry Declaration, and the Kopf Declaration; IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

B.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

C.     Venue is proper before this Court pursuant to 28 U.S.C. § 1410.  This Court has the authority to enter a final order consistent with Article III of the United States Constitution.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[2]   The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

D.      Good, sufficient, appropriate, and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q), to: (a) the U.S. Trustee; (b) all persons authorized to administer the foreign proceeding of the Debtor; (c) all parties to litigation pending in the United States in which the Debtor is a party as of the Petition Date; (d) counsel to the Cross-Holders Coordinating Committee; and (e) such other entities as this Court may direct.

E.      No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

F.      This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.      The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.  The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H.      The French Proceeding and any orders issued by the French Court during the pendency of the French Proceeding are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I.      The French Proceeding is pending in the French Republic, where the Debtor has its "center of its main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the French Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J.       Cause exists to modify the automatic stay under section 362 of the Bankruptcy

Code solely to the extent requested in the Petition.

K.       The relief granted hereby is necessary to effectuate the purposes and objectives of

chapter 15 and to protect the Debtor and its interests.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION
AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.       The French Proceeding is recognized as a foreign main proceeding pursuant to

section 1517 of the Bankruptcy Code, and all the effects of recognition as set forth in section 1520

of the Bankruptcy Code shall apply, except as modified herein.

2.       Upon entry of this Order, the French Proceeding, the SFA Plan, and all orders of

the French Court shall be and hereby are granted comity and given full force and effect in the

United States and, pursuant to section 1520 of the Bankruptcy Code, among other things:

a.       the protections of section 362 of the Bankruptcy Code apply to the Debtor, except as otherwise modified by this Order;

b.       all parties are hereby permanently enjoined from asserting any debt, claim, or interest affected by the SFA Plan, except as expressly permitted by the SFA Plan and the agreements and documents related to the SFA Plan (including, without limitation, that certain Indenture Discharge and Instruction to Release Collateral executed by and between the Debtor and The Bank of New York Mellon, London Branch, as trustee and notes security agent under the indentures governing the Senior Notes, in connection with implementation of the SFA Plan), including (i) executing against any of the Debtor's assets, (ii) commencing or continuing, including issuing or employing process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtor, its property, or any direct or indirect transferee of or successor to any property of the Debtor, or any property of such transferee or successor, or the seeking of any discovery related to any of the foregoing, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor's estate in the French Proceeding, French law, or the implementation or consummation of the SFA Plan; (iii) taking or continuing any act to create, perfect, or enforce a lien or other security interest, setoff, or other claim against the Debtor or any of its property or proceeds thereof, which in each case is in any way

3

inconsistent with, relates to, or would interfere with, the administration of the Debtor's estates in the French Proceeding, French law, or the implementation or consummation of the SFA Plan; (iv) transferring, relinquishing or disposing of any property of the Debtor to any entity other than the Foreign Representative and his authorized representatives and agents or taking or continuing any act to obtain possession of, commingle, or exercise control over, such property, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor's estates in the French Proceeding, French law or the implementation or consummation of the SFA Plan; or (v) commencing or continuing in any manner, directly or indirectly, an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities, or to resolve any dispute arising out of any provision of the SFA Plan, French law relating to the SFA Plan, in each case, to the extent they have not been stayed pursuant to sections 1520(a) and 362 of the Bankruptcy Code;

c.      except to the extent permitted by the SFA Plan or the agreements entered into in connection therewith as the case may be, all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtor's assets or agreements in the United States without the express consent of the Foreign Representative; and

d.      except to the extent permitted by the SFA Plan or the agreements entered into in connection therewith as the case may be, all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Debtor or its assets or proceeds thereof.

3.      The Foreign Representative and the Debtor shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code and, accordingly, the Foreign Representative:

a.      is entrusted with the administration or realization of all of the Debtor's assets and affairs in the United States; and

b.      has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

4

4.    The Foreign Representative is hereby established as the representative of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's prepetition and postpetition obligations.

5.    The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

6.    No action taken by the Foreign Representative, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the French Proceeding, this Order, this chapter 15 case, any adversary proceeding herein, or contested matters in connection herewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including, without limitation, pursuant to section 1510 of the Bankruptcy Code.

7.    The automatic stay pursuant to section 362 of the Bankruptcy Code, solely to the extent applicable pursuant to section 1520 of the Bankruptcy Code and this Order, is modified to apply only to those matters stayed in the French Proceeding, including, without limitation:  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the Petition Date, or to recover a claim against the Debtor held by a financial creditor that arose before the Petition Date; any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim against the Debtor held by a financial creditor; and any act to collect, assess, or recover a claim against the Debtor held by a financial creditor.

8.      The Foreign Representative and the Debtor are authorized to take any and all actions deemed necessary or appropriate to effectuate the SFA Plan and the Restructuring Transaction, in each case in accordance with their terms.

9.      Subject to the SFA Plan receiving the approval of the French Court, the SFA Plan is hereby recognized, granted comity, and given full force and effect in the United States and is binding and enforceable, in accordance with its terms, pursuant to sections 105(a), 1507, 1521, and 1525 of the Bankruptcy Code, on all entities (as that term is defined in section 101(15) of the Bankruptcy Code) whose claims or interests are affected by the SFA Plan.

10.      The banks and financial institutions with which the Debtor maintains bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtor's bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the petition date and drawn on the Debtor's bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtor, as the case may be.

11.      Nothing herein shall enjoin, impair, or otherwise supplement or modify in any manner the rights of any party granted under the SFA Plan, and nothing herein shall modify the right of the French Court to hear and determine any suit, action, or proceeding and to settle any dispute which may arise out of the SFA Plan, or out of any action to be taken or omitted to be taken under the SFA Plan or in connection with the administration of the SFA Plan.

12.      The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

15.     This Order applies to all parties in interest in this chapter 15 case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

New York, New York
Dated: _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Blackline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| EUROPCAR MOBILITY GROUP S.A., | Case No. 20-12878 (——**MEW**) |
| Debtor in a Foreign Proceeding. | |

### ORDER GRANTING PETITION FOR (I) RECOGNITION AS FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petition filed concurrently therewith, the "Petition"),[1] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtor (the "Debtor"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, the Péligry Declaration, and the Kopf Declaration; IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

B.    This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

C.    Venue is proper before this Court pursuant to 28 U.S.C. § 1410.  This Court has the authority to enter a final order consistent with Article III of the United States Constitution.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

[2]    The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

D.      Good, sufficient, appropriate, and timely notice of the filing of the Petition and

the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy

Rules 1011(b) and 2002(q), to: (a) the U.S. Trustee; (b) all persons authorized to administer the

foreign proceeding of the Debtor; (c) all parties to litigation pending in the United States in

which the Debtor is a party as of the Petition Date; (d) counsel to the Cross-Holders

Coordinating Committee; and (e) such other entities as this Court may direct.

E.      No objections or other responses were filed that have not been overruled,

withdrawn, or otherwise resolved.

F.      This chapter 15 case was properly commenced pursuant to sections 1504, 1509,

and 1515 of the Bankruptcy Code.

G.      The Foreign Representative is a "person" pursuant to section 101(41) of the

Bankruptcy Code and is the duly appointed "foreign representative" of the Debtor as such term is

defined in section 101(24) of the Bankruptcy Code.  The Foreign Representative has satisfied the

requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

H.      The French Proceeding and any orders issued by the French Court during the

pendency of the French Proceeding are entitled to recognition by this Court pursuant to section

1517 of the Bankruptcy Code.

I.      The French Proceeding is pending in the French Republic, where the Debtor has

its "center of its main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code.

Accordingly, the French Proceeding is a "foreign main proceeding" pursuant to section 1502(4)

of the Bankruptcy Code and is entitled to recognition as foreign main proceeding pursuant to

section 1517(b)(1) of the Bankruptcy Code.

J.      Cause exists to modify the automatic stay under section 362 of the Bankruptcy

Code solely to the extent requested in the Petition.

K.      The relief granted hereby is necessary to effectuate the purposes and objectives of

chapter 15 and to protect the Debtor and its interests.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION
AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The French Proceeding is recognized as a foreign main proceeding pursuant to

section 1517 of the Bankruptcy Code, and all the effects of recognition as set forth in section

1520 of the Bankruptcy Code shall apply, except as modified herein.

2.      Upon entry of this Order, the French Proceeding, the SFA Plan, and all orders of

the French Court shall be and hereby are granted comity and given full force and effect in the

United States and, pursuant to section 1520 of the Bankruptcy Code, among other things:

      a.      the protections of section 362 of the Bankruptcy Code apply to the Debtor,
            except as otherwise modified by this Order;

      b.      all parties are hereby permanently enjoined from asserting any debt, claim,
            or interest affected by the SFA Plan, except as expressly permitted by the
            SFA Plan and the agreements and documents related to the SFA Plan
            **(including, without limitation, that certain Indenture Discharge and
            Instruction to Release Collateral executed by and between the Debtor
            and The Bank of New York Mellon, London Branch, as trustee and
            notes security agent under the indentures governing the Senior Notes,
            in connection with implementation of the SFA Plan)**, including (i)
            executing against any of the Debtor's assets, (ii) commencing or
            continuing, including issuing or employing process, of a judicial,
            quasi-judicial, administrative, regulatory, arbitral, or other action or
            proceeding, or to recover a claim, including, without limitation, any and
            all unpaid judgments, settlements or otherwise against the Debtor, its
            property, or any direct or indirect transferee of or successor to any
            property of the Debtor, or any property of such transferee or successor, or
            the seeking of any discovery related to any of the foregoing, which in each
            case is in any way inconsistent with, relates to, or would interfere with, the
            administration of the Debtor's estate in the French Proceeding, French
            law, or the implementation or consummation of the SFA Plan; (iii) taking
            or continuing any act to create, perfect, or enforce a lien or other security
            interest, setoff, or other claim against the Debtor or any of its property or

proceeds thereof, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor's estates in the French Proceeding, French law, or the implementation or consummation of the SFA Plan; (iv) transferring, relinquishing or disposing of any property of the Debtor to any entity other than the Foreign Representative and his authorized representatives and agents or taking or continuing any act to obtain possession of, commingle, or exercise control over, such property, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Debtor's estates in the French Proceeding, French law or the implementation or consummation of the SFA Plan; or (v) commencing or continuing in any manner, directly or indirectly, an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities, or to resolve any dispute arising out of any provision of the SFA Plan, French law relating to the SFA Plan, in each case, to the extent they have not been stayed pursuant to sections 1520(a) and 362 of the Bankruptcy Code;

c.    except to the extent permitted by the SFA Plan or the agreements entered into in connection therewith as the case may be, all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Debtor's property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtor's assets or agreements in the United States without the express consent of the Foreign Representative; and

d.    except to the extent permitted by the SFA Plan or the agreements entered into in connection therewith as the case may be, all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtor or its assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Debtor or its assets or proceeds thereof.

3.    The Foreign Representative and the Debtor shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code and, accordingly, the Foreign Representative:

a.    is entrusted with the administration or realization of all of the Debtor's assets and affairs in the United States; and

b.    has the right and power to examine witnesses, take evidence, or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

4.    The Foreign Representative is hereby established as the representative of the Debtor with full authority to administer the Debtor's assets and affairs in the United States, including, without limitation, making payments on account of the Debtor's prepetition and postpetition obligations.

5.    The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

6.    No action taken by the Foreign Representative, the Debtor, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the French Proceeding, this Order, this chapter 15 case, any adversary proceeding herein, or contested matters in connection herewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including, without limitation, pursuant to section 1510 of the Bankruptcy Code.

7.    The automatic stay pursuant to section 362 of the Bankruptcy Code, solely to the extent applicable pursuant to section 1520 of the Bankruptcy Code and this Order, is modified to apply only to those matters stayed in the French Proceeding, including, without limitation:  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the Petition Date, or to recover a claim against the Debtor held by a financial creditor that arose before the Petition Date; any act to create, perfect, or enforce against property of the Debtor any lien to the extent that such lien secures a claim against the Debtor held by a

financial creditor; and any act to collect, assess, or recover a claim against the Debtor held by a financial creditor.

8.      The Foreign Representative and the Debtor are authorized to take any and all actions deemed necessary or appropriate to effectuate the SFA Plan and the Restructuring Transaction, in each case in accordance with their terms.

9.      Subject to the SFA Plan receiving the approval of the French Court, the SFA Plan is hereby recognized, granted comity, and given full force and effect in the United States and is binding and enforceable, in accordance with its terms, pursuant to sections 105(a), 1507, 1521, and 1525 of the Bankruptcy Code, on all entities (as that term is defined in section 101(15) of the Bankruptcy Code) whose claims or interests are affected by the SFA Plan.

10.     The banks and financial institutions with which the Debtor maintains bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtor's bank accounts without interruption and in the ordinary course and to receive, process, honor, and pay any and all such checks, drafts, wires, and automatic clearing house transfers issued, whether before or after the petition date and drawn on the Debtor's bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtor, as the case may be.

11.     Nothing herein shall enjoin, impair, or otherwise supplement or modify in any manner the rights of any party granted under the SFA Plan, and nothing herein shall modify the right of the French Court to hear and determine any suit, action, or proceeding and to settle any dispute which may arise out of the SFA Plan, or out of any action to be taken or omitted to be taken under the SFA Plan or in connection with the administration of the SFA Plan.

12.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

15.     This Order applies to all parties in interest in this chapter 15 case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

New York, New York
Dated: _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE